# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ANDREW D. TAYLOR, BAR NO. 8688.

No. 78422

**FILED**

JUL 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Andrew D. Taylor be disbarred based on violations of RPC 1.2 (scope of representation), RPC 1.4 (communication), RPC 1.8 (conflict of interest), RPC 1.15 (safekeeping property), RPC 3.3 (candor toward tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 4.1 (truthfulness in statements to others), RPC 5.4 (professional independence of a lawyer), RPC 8.1(a), (b) (disciplinary matters), and RPC 8.4(c) (misconduct).[1] Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Taylor committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

---

[1]Taylor is currently suspended. *In re Discipline of Taylor*, Docket No. 75437 (Order of Suspension, July 19, 2018).

19- 28693

Here, however, the facts and charges alleged in the second complaint filed by the State Bar are deemed admitted because Taylor failed to answer the second complaint and a default was entered.[2] SCR 105(2). As to the first complaint, we defer to the panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. SCR 105(3)(b) (explaining that we employ a deferential standard of review with respect to the hearing panel's findings of fact); *Sowers v. Forest Hill Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013) (providing that under a deferential standard of review, this court will not set aside findings of fact unless they are clearly erroneous or not supported by substantial evidence). Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Taylor violated RPC 1.2 (scope of representation), RPC 1.4 (communication), RPC 1.8 (conflict of interest), RPC 1.15 (safekeeping property), RPC 3.3 (candor toward the tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 4.1 (truthfulness in statements to others), RPC 8.1(a), (b) (disciplinary matters), and RPC 8.4(c) (misconduct) as alleged in the first complaint.

---

[2]The first complaint concerned Taylor's breach of probation from a 2015 disciplinary matter and grievances regarding misappropriation of one client's funds and allegations that he had fraudulently obtained loans in his clients' names. The second complaint was filed following an audit of Taylor's accounts and alleged commingling of personal and client funds and misappropriation of client funds.

Taylor answered the first complaint filed on August 20, 2018. The second complaint filed on November 13, 2018, was served on Taylor through regular and certified mail and the State Bar attempted personal service of the complaint.

The record therefore establishes that Taylor misappropriated more than $1 million of client funds. Further, he commingled personal funds with client funds and opened numerous different law firms with different trust accounts and operating accounts to mislead the State Bar and his clients. For one of those law firms, he named his non-lawyer assistant as the sole officer. Additionally, he entered into litigation-advancement loan agreements on behalf of his clients without their knowledge or consent, used those funds for his personal or business expenses, and failed to repay many of those loans. He failed to comply with reasonable requests for information from the State Bar and made false statements of material fact concerning his trust account to the State Bar.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must. . . exercise independent judgment," the panel recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Taylor intentionally or knowingly violated duties owed to his clients (communication, conflict of interest, and safekeeping property), the legal system (candor toward the tribunal and truthfulness in statements to others), and the profession (professional independence of a lawyer and failure to respond to lawful requests for information by a disciplinary authority). Taylor's clients suffered actual injury as they did not receive

their funds and some were required to defend against collection attempts on loans they never took. Taylor's false statements to the State Bar and failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for his misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."); *id.*, Standard 5.11 (providing that disbarment is appropriate when "a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice"). The record supports the hearing panel's findings of no mitigating circumstances and ten aggravating circumstances (prior discipline, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law, indifference to making restitution, and illegal conduct). Having considered the four factors, we agree with the panel that disbarment is appropriate.

Accordingly, we disbar attorney Andrew D. Taylor from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Taylor shall pay the costs of the disciplinary proceedings, including $3,000

under SCR 120, within 30 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:   Chair, Southern Nevada Disciplinary Panel
      Andrew D. Taylor
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A